NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONNA M. BOYD,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-4608

D.C. No.
3:23-cv-00482-CSD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Craig S. Denney, Magistrate Judge, Presiding

Submitted October 22, 2025[**]
San Francisco, California

Before: CLIFTON, OWENS, and BUMATAY, Circuit Judges.

Appellant Donna Boyd appeals the denial of disability benefits. We vacate

with instructions to the district court to remand for further agency proceedings.

In 2019, Boyd filed applications for disability benefits for, among other

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

things, rheumatoid arthritis, a torn left rotator cuff, and depression. The Social Security Administration (SSA) denied the applications in 2020, and denied a request for reconsideration in 2021.

In 2022, Boyd, her attorney, and a vocational expert (VE) appeared before an SSA administrative law judge (ALJ). The ALJ asked the VE about work that Boyd could do if limited to only "simple routine tasks." The VE named three occupations with Dictionary of Occupational Titles (DOT) Reasoning Level 2. DOT Reasoning Level 2 requires the "commonsense understanding to carry out detailed but uninvolved written or oral instructions." DOT, App. C, 1991 WL 688702 (Jan. 1, 2016). On cross-examination, the VE testified that a worker with the limitations the ALJ proposed would not be able to carry out "detailed written and oral instructions."

In a post-hearing letter to the ALJ, Boyd objected to the three occupations because their DOT Reasoning Levels conflicted with the VE's testimony. Boyd argued the three occupations must be excluded from any decision by the ALJ because of the conflict. Boyd argued alternatively that, at minimum, then-binding agency policy required the ALJ to examine and resolve such conflicts in her disability determination. *See* Social Security Ruling (SSR) 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000); 20 C.F.R. § 404.1566(d).

The ALJ ultimately found Boyd not disabled because she could perform work existing in significant numbers in the national economy—specifically, the three

objected-to occupations. The ALJ overruled Boyd's objections by citing SSA Emergency Message (EM) 21065, which states that the agency does not consider DOT Reasoning Levels when making vocational findings. The ALJ did not examine or resolve the conflict identified by Boyd.

On appeal, Boyd argues the ALJ failed to fulfill a duty to resolve an apparent conflict between the VE's cross-examination testimony and DOT Reasoning Level 2. For disability determinations made prior to January 6, 2025, such as Boyd's, an ALJ must resolve apparent conflicts between VE testimony and information in the DOT. *See Stiffler v. O'Malley*, 102 F.4th 1102, 1108 (9th Cir. 2024); *see also* SSR 24-3p, 89 Fed. Reg. 97,158, 2024 WL 4988840, at *97159 (Dec. 6, 2024) (prospectively rescinding SSR 00-4p to disability determinations made after January 6, 2025). Specifically, SSR 00-4p states: "before relying on VE or VS evidence [an ALJ] . . . must identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the *Dictionary of Occupational Titles* (DOT)." SSR 00-4p.

An apparent conflict exists here. The VE testified on cross that a claimant with the limitations given by the ALJ could not carry out "detailed written and oral instructions." But each of the three occupations upon which the ALJ based her ruling required carrying out "detailed but uninvolved written or oral instructions." DOT, App. C, 1991 WL 688702 (Jan. 1, 2016).

The government argues in response that there is no conflict because DOT Reasoning Level 2 is consistent with the ALJ's limitation of the claimant to "simple and routine" tasks. But SSR 00-4p does not merely require congruence between DOT Reasoning Levels and limitations given by an ALJ. It also requires that the ALJ explain and resolve conflicts between information in the DOT and "occupational evidence provided by VEs." SSR 00-4p.

Because there was an apparent conflict and the ALJ did not resolve it, the SSA should consider it in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."). We vacate and remand to the district court, so that it may remand to the SSA for further proceedings consistent with this opinion. *See Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2015); *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1004 (9th Cir. 2015).

Each party shall bear its own costs on appeal.

**VACATED AND REMANDED.**